IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE HILLARD WELLS, JR., #315-886   *
          Petitioner,
                                      *
   v.                                            CIVIL ACTION NO.   RDB-06-135
                                      *
GARY HORNBAKER and
THE ATTORNEY GENERAL OF THE    *
 STATE OF MARYLAND
          Respondents.         *
                                    ******

**MEMORANDUM OPINION**

Petitioner Tyrone Hillard Wells, Jr., an inmate confined at the Baltimore City Correctional Center, filed the instant 28 U.S.C. § 2241 application for habeas corpus relief on January 13, 2006. Petitioner alleges that he was denied due process in connection with his parole revocation and that his term of confinement is incorrectly calculated. Petitioner asks that the maximum expiration date of his term of confinement be "corrected" from February 3, 2009 to April 5, 2007, and that he be allowed an addition 546 days diminution of confinement credits.[1] Paper No. 1. Respondent has filed an Answer to which Petitioner has not replied. Paper No. 8. After review of these papers, this Court finds the Petition raises only issues of law and there is no need for an evidentiary hearing. *See* 28 U.S.C. § 2243. For the reasons stated below, the court will, by separate Order, dismiss the Petition for Writ of Habeas Corpus.

**A.**     **Standard of Review**

Before a petitioner may seek habeas relief in federal court, he or she must exhaust each claim presented to the federal court through remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91

---

[1] While Petitioner used the forms for filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, his claims regarding diminution of confinement credits attacks the execution of his sentence and is therefore more properly construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

(1973).

**B.     Parole Revocation**

Petitioner was released on parole on April 27, 2001 under a prior term of confinement with a maximum expiration date of March 17, 2005. Paper No. 8, Ex. 9.  Following a parole revocation hearing on September 23, 2003, Petitioner was found to have violated the conditions of his parole. *Id.*, Ex. 10.  Petitioner was continued on parole as to that term of confinement. *Id.* Ex. 6 and 10. Petitioner has not alleged that he has filed any state proceedings challenging the outcome of his parole revocation proceedings.    Paper No. 1.

It is clear that no attempt has been made by Petitioner to obtain State judicial review of any kind regarding his allegations that he was denied due process with regard to his parole revocation hearing. His petition is therefore filed prematurely as to this issue and, as a matter of comity, this Court will not intervene in a State law matter.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).   At a minimum Petitioner must pursue any State court appeals of the revocation hearing decision which may be available to him or, in the alternative, any available State court habeas corpus challenge to his current confinement.   The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

**C.     Calculation of Sentence**

Likewise, Petitioner's challenge to the calculation of his sentence is subject to dismissal. A prisoner challenging the calculation of his release date has two possible avenues for relief in the state courts; by way of administrative proceeding and, in certain instances, by way of petition to the state courts.

Regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative

2

proceedings by:

1. Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.,* to the warden of the institution where he is confined;
2. Appealing a denial of the request by the warden to the Commissioner;
3. Filing a complaint with the Inmate Grievance Office, ("IGO");
4. Appealing a final decision of the IGO to the Circuit Court;
5. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and
6. <u>If</u> the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;[2]
2. Appealing a decision by the Circuit Court to the Court of Special Appeals;[3] and
3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court for Baltimore City challenging the propriety of the Division of Correction's calculation of his term of confinement. That petition was denied on August 26, 2005, and Petitioner noted a timely appeal. Petitioner's appeal remains pending before the Maryland Court of Special Appeals. Paper No. 8, Ex 2-4.[4]

Accordingly, a separate Order will be entered dismissing this action without prejudice for failure

---

[2] I*Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997), the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies. It did not address the situation where a prisoner was not claiming entitlement to immediate release.

[3] Although at one time this court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

[4] Court personnel have confirmed that as of the signature date of this Memorandum Opinion, Petitioner's case remains pending

to exhaust available state court remedies.

August 30, 2006                                         /s/
  Date                                                          RICHARD D. BENNETT
                                                                   UNITED STATES DISTRICT JUDGE